JONATHAN RICHARDS *et al.*, Plaintiffs in Error, *v.* HENRY C. HYDE *et al.*, Defendants in Error; and
JAMES D. SHERMAN, Plaintiff in Error, *v.* HENRY G. KOON *et al.*, Defendants in Error.

ERROR TO COOK.

Circuit courts have not equity jurisdiction, to set aside conveyances, in foreign counties, in aid of executions issued by a Circuit Court of one county to the sheriff of another.

THIS is a writ of error to correct an order of the Cook Circuit Court, dismissing the bill for want of jurisdiction.

The bill of complainants is a bill in aid of execution, stating that the complainants were co-partners, residing in Chicago, in the county of Cook, and as such co-partners, in the term of April, A. D. 1858, recovered, in said Circuit Court, a judgment against Ebenezer Hyde, one of the defendants, for ten hundred and thirty dollars and twenty cents, damages and costs ; the proper issuing of an execution, on the 12th day of May, in the year 1858, directed to the sheriff of Winnebago county, the then residence of defendant, Ebenezer Hyde ; a proper endorsement and delivery to the sheriff of said county, on the 19th day of said May ; that on the 20th day of said May, the sheriff levied upon the interest of said Ebenezer Hyde in certain real estate mentioned in the bill, in said county of Winnebago.  Also, the

endorsement of said levy upon the execution ; that said execution was in full force and effect at time of levy and filing bill, and that judgment was wholly unsatisfied, and that the sheriff could not safely proceed to sell said real estate, to satisfy said execution, for the reason that the said Ebenezer Hyde, and his wife, also defendant, on the 10th day of October, 1857, for the purpose of defrauding the complainants and other creditors of said Ebenezer Hyde, conveyed said property to defendant, Lathrop, on trust, to secure a pretended indebtedness to defendant, Henry C. Hyde, a son of Ebenezer, which transaction is charged to be entirely fraudulent, and the facts showing that they are fraudulent, are stated in the bill.    All the defendants, except Lathrop, are averred to reside in Iowa, and Lathrop in said Winnebago county.    Which bill is duly verified.

Afterwards the defendants, by their solicitor, appeared and moved the court to dismiss the bill of complaint in this case, for want of jurisdiction of this court.

And on the 26th day of October, 1858, the court, MANNIERE, Judge, presiding, on this motion dismissed the bill with costs, from which decision the complainants brought the case to this court.

The case of *Sherman* v. *Koon et al.* corresponds in nearly all respects with the foregoing, and the same proceedings were had.

SMITH & DEWEY, and KELLOGG, for Plaintiffs in Error.

VAN BUREN & GARY, and G. SCOVILLE, for Defendants in Error.

CATON, C. J.    This bill was filed under a misapprehension of the principle upon which our courts are organized.    The Circuit Court possesses and exercises a two-fold jurisdiction.    It exercises both a common law and a chancery jurisdiction.    When exercising the first, it is a court of common law, and when exercising the other it is a court of chancery.    Although these jurisdictions are exercised in the same tribunal they are never blended.    They are as distinct as if the two courts were presided over by different judges.    The fact then that the execution issued from the Cook Circuit Court, gave that court, when exercising its chancery powers, no more jurisdiction to entertain the bill than it would have had if the execution had been issued by the Circuit Court of Winnebago, to which county the execution was sent.    If the Circuit Court of Cook county, in the exercise of its chancery jurisdiction, could entertain this bill, then it might entertain a bill to set aside a fraudulent conveyance, in aid of an execution issued by the Circuit Court of a foreign county,

41

against a party in a foreign county, and levied upon land in a foreign county. Such a jurisdiction cannot be pretended; equally untenable would be the position that this court could entertain jurisdiction of this bill as a common law court, in aid of its legal process. While the courts of law may, to a certain extent, exercise equity powers over their own judgments and in control of their own process, no case can be found where they have entertained a bill to set aside a fraudulent conveyance. Besides, this bill was not addressed to a court of law, but to the court of chancery. The decree dismissing the bill must be affirmed in each case.

*Decree affirmed.*