CAROLINE MOORE *et al.*

*v.*

GEORGE W. ELLSWORTH *et al.*

1. VENUE—*notice of motion for—required.* The statute positively requires that notice of an application for a change of venue shall be given.

2. ADMINISTRATOR'S SALE OF LAND—*order of sale granted after the lapse of seven years—under what circumstances proper.* In an application to sell real estate to pay debts, it was objected on the part of the heirs, that an order of sale ought not to be made, for the reason, that a period of seven years and over had elapsed since the letters of administration issued: *Held,* that the application should not be considered as barred by lapse of time, it appearing that the largest of the claims, for the payment of which such order was sought, had been in litigation, and was finally determined only a few months before making such application, and that in the interim the title to the real estate had remained in the heirs, and no equities had intervened.

3. SAME—*lapse of seven years—unexplained—will bar.* In cases of this character, each must be judged upon its own merits, and a delay of seven years, if unexplained, is a sufficient reason for refusing an order of sale, to pay debts.

4. SAME—*when delay satisfactorily explained.* But if such delay is satisfactorily explained, as by showing the settlement of the estate has been necessarily delayed, and the lands remain in the same condition as when the decedent died, the mere lapse of time is no bar to such proceedings.

WRIT OF ERROR to the County Court of Henry county ; the Hon. JULIUS S. HINMAN, Judge, presiding.

This was a proceeding instituted by the defendants in error, George W. Ellsworth and Martha H. Walsh, in the court below, against the plaintiffs in error, Caroline Moore and Alsina Moore, by Salmon W. Knapp, their guardian, and Gustus Emanuel, to obtain leave to sell real estate for the payment of debts against the estate of Dan Moore, deceased. An order of sale was allowed by the court, and the record is now brought to this court by writ of error. The further facts in this case are sufficiently stated in the opinion of the court.

Messrs. SHAW & CRAWFORD, for the plaintiffs in error.

Mr. O. E. PAGE, for the defendants in error.

Mr. Justice Lawrence delivered the opinion of the Court:

This was an application by an administrator for leave to sell real estate for the payment of debts. The heirs resisted the application, but the county court made a decree of sale, which is brought here by writ of error.

The first point made in the brief of plaintiffs in error is, that the court erred in not allowing their motion for a change of venue. It is sufficient to say, in regard to that, that no notice was given, as required by the statute, of the intended application. *Hunt* v. *Tinkham*, 21 Ill. 640.

It is also objected, that the record shows the administratrix had purchased, for her own benefit, an outstanding title to a tract of land claimed by the deceased in his lifetime. But the court made no order in regard to this tract, and the claim of the heirs thereto is in no wise prejudiced by this decree.

The plaintiffs in error seem chiefly to rely upon the fact, that letters of administration were granted in September, 1860, while this petition was not presented until January, 1869, and it is insisted, an order of sale should not have been made after the lapse of seven years. But we held, in *Rosenthal* v. *Renick*, 44 Ill. 203, that no inflexible rule upon this matter can be laid down. Each case must be judged upon its own merits, and all that can be said as a general rule is, that a delay of seven years, if unexplained, is a sufficient reason for refusing the order, but if the delay is satisfactorily explained, as by showing the settlement of the estate has been necessarily delayed, and the lands remain in the same condition as when the decedent died, the mere lapse of time is not a reason why the order of sale should not be made.

In this case the record shows, that the largest claim against the estate is a judgment rendered in the circuit court, in June, 1868, and, as urged by counsel, until the termination of the litigation which resulted in this judgment, the administrator would be wholly uncertain to what extent it would be necessary to sell the real estate. In the meantime, so far as

appears, the title has remained in the heirs. No equities have intervened, and as the indebtedness of the estate was only finally determined a few months before this application was made, we can not say it was barred by lapse of time.

The decree is affirmed.

*Decree affirmed.*