MOSES S. WESTBROOK *v.* LUCY A. MUNGER ET AL.

1. TRUST. *Available to creditors.*
   At a sale of land under a decree in favor of an administrator for the enforcement of a vendor's lien, the guardian of the heirs of the intestate purchased, taking title in the name of his wards, crediting the bid on the decree, with the consent of the administrator, to be accounted for on final settlement of estate, and the sale was so reported and confirmed. The trust was that the distributees should be charged with the amount of their bid, if so much was to be distributed to them on final settlement; but if necessary for the payment of debts, that this fund should be recalled, the distributees were to refund, and the land was to stand charged with its repayment. This trust is available to the creditor of the decedent.

2. SAME. *Chancery. Necessary parties.*
   To a bill filed in such state of case by a judgment creditor of the decedent, the heirs and their vendees are not necessary parties, but the administrator of the deceased judgment debtor is a necessary party defendant.

3. SAME. *Creditor's bill. Necessary averments.*
   It is not necessary that such a bill should aver that the estate of decedent or that the administrator and the sureties on his bond are insolvent.

4. STATUTE OF LIMITATIONS. *Trust.*
   There must be some repudiation of the trust, and some right asserted by the trustee adverse to the beneficiary, to put in motion the Statute of Limitations prescribing the time for the enforcement of the trust.

5. SAME. *Delay by creditor.*
   No delay short of the time fixed by some statute of limitation, will bar a creditor seeking the enforcement of his claim against the estate of a decedent.

APPEAL from the Chancery Court of Clay County.

HON. FRANK A. CRITZ, Chancellor.

The facts are stated in the opinion.

*Barry & Beckett,* for the appellant.

1. There was no jurisdiction and no equity. Code 1880, § 1738, 1739; *Hall* v. *Green,* 60 Miss. 47; *Fleming* v. *Grafton,* 54 Miss. 79; Story's Equity Pleadings, §§ 227, 513-514.

2. The Statute of Limitations and Laches. Code 1871, § 1265; Code 1857, § 555, art. 97; Code 1871, §§ 1176, 1193; *Kerrison* v. *Stewart,* 93 U. S. 149-163; *Meeks* v. *Olpherts,* 100 U. S. 564; *Pressly* v. *Ellis,* 48 Miss. 584; Rorer on Judicial Sales, §§ 26, 212; *Moore* v. *Schultz,* 13 Pa. St. 102; *Rawlings* v. *Baily,* 15 Ill. 180; Rorer on Judicial Sales, §§ 11, 12, 14, 15, 16, 17, 18, 21, 24, 31; *Griffith* v. *Bogert,* 18 How. (U. S.) 194; *Duncan* v. *McNeil,* 31 Miss. 704, 706; *Kleineke* v. *Woodward,* 42 Tex. 314-315; *Murchison* v. *White,* 54 Tex. 81-86; Rorer on Judicial Sales, §§ 466-469, and authorities cited. On the seven years' Statute of Limitations. *Phelps* v. *Jackson,* 31 Ark. 272; *Murchison* v. *White,* 54 Tex. 81; *Goff* v. *Robins,* 33 Miss. 153. On the ten years' Statute of Limitations. 2 Story Eq. Jur., §§ 1195, 1202; *Blasdel* v. *Locke,* 52 N. H. 238; *Hayes* v. *Quay,* 68 Penn. St. 263; *Byers* v. *Danley,* 27 Ark. 77.

3. Resulting trust: A loan on credit or charging to account will not raise a resulting trust. 1 Perry on Trusts, § 133; *Wilson* v. *Sibley,* 54 Miss. 656; *Coles* v. *Allen,* 64 Ala. 98; *Gibson* v. *Foote,* 40 Miss. 788; *Steere* v. *Steere,* 5 John. Ch. 19-20; *Botsford* v. *Burr,* 2 John. Ch. 408-416; *Kendall* v. *Mann,* 11 Allen 18; *McCarroll* v. *Alexander,* 48 Miss. 136-139; *VanDyke* v. *Johns,* 12 Am. Dec. 81-86; *Reavis* v. *Garrett,* 34 Ala. 558-564; *Capers* v. *McCaa,* 41 Miss. 487-489; *Bowman* v. *O'Reily,* 2 G. 361; *Gee* v. *Gee,* 32 Miss. 190; *Titcomb* v. *Morrill,* 10 Allen 15; *Marx* v. *Davis,* 55 Miss. 387; *Pascoag Bk.* v. *Hunt,* 3 Ed. Ch. 583; *Ensleyn* v. *Ballentine,* 4 Hump. 233; *Hawthorn* v. *Brown,* 3 Sneed 462; *Wilson* v. *Sibley,* 54 Miss. 556; *Coles* v. *Allen,* 64 Ala. 98; *Reavis* v. *Garrett,* 34 Ala. 558-564; *Phelps* v. *Jackson,* 31 Ark. 272-278; 2 Story Eq. Jur., §§ 1196,

1197, 1198, 1201, 1201 (a), 1210, Vol. I, § 422; Ib. 1254, 1257; Vol. I, Perry Trusts, § 135; *Dozier* v. *Lewis*, 5 C. 579; 2 Perry Trusts, § 843.

*R. C. Beckett* also argued the case orally.

*Murphy & Sykes* and *William Baldwin*, for the appellees.

1. Who are proper parties to the bill? *Taylor* v. *Webb*, 54 Miss. 36; *Leach* v. *Shelby*, 58 Miss. 688. It is held an objection to the bill that the Dancys, heirs of Moye, and purchasers of the property, are not made parties defendant to the bill. We see no merit in the objection. Their connection with the land sought to be subjected to the payment of our decree is of a twofold nature: (1) as heirs of Moye, (2) as purchasers of the property in their own right. We cannot see how it can be claimed that they are necessary or even proper parties as heirs of Moye. This land was in no sense real assets of estate of Moye, and hence it is not necessary to make them parties as it would be were it in the hands of the administrator, and is governed by the rules relating to personal assets. *Henson* v. *Ott*, 7 Ind. 512; 18 Ark. 24; *Loring, Judge*, v. *Cunningham and others*, 9 Cush. (Mass.) 87; *Sutters' Heirs* v. *Ling*, 25 Penn. St. 466. Proceeds of realty in some cases are real assets having the incidents and immunities of land descended, but none of them can apply to this case. 61 N. Y. 497; *Hyde et al.* v. *Warner et al.*, 46 Miss. 28. Case in which investment of personal assets held to be real assets, principle excludes this case. *Hardee* v. *Cheatham et al.*, 52 Miss. 41.

2. Are the parties *bona fide* purchasers, etc.?

(1.) Recitals in the deed and report of sale showed them the character of the ownership of the Dancy children, that it was purely of a trust character. Georgia Digest, Vol. II, 541, notice 1; *Gordon* v. *Sizer*, 39 Miss. 805; *Martin* v. *Nash*, 31 Miss. 324; *Deason* v. *Taylor*, 53 Miss. 701; *Lee* v. *Newman*, 55 Miss. 371; 1 Story's Eq. Jur., § 400; 16 Am. Dec. 754, note; 23 Ib. 47, note; Hill on Trustees, 3d Am. Ed. 769, 770.

(2.) Protection by the record or decree. The statutory law upon assets for the payment of debts of deceased is precisely the same fixed by statute to secure estates the purchase-money of property thereof

sold on credit. Apply the cases on that subject of protection of parties in making purchases, by record or decree. The parties are not protected by the record or decree of the court. *Lambeth* v. *Elder, Adm'r*, 44 Miss. 84–87; *Brown* v. *Barlow*, 51 Miss. 8, 11, 12.

(3.) The circumstances of the sale of the Oliver land and purchase by the Dancys were in effect a sale to foreclose the vendor's lien of the estate of Moye thereon, a purchase thereat *by the estate of Moye*, and a resale thereof to the Dancy children on a *credit* by the estate of Moye. The report of sales to them sets out, to wit: purchase-money " to be credited upon the decree and to be accounted for by said heirs in the final settlement of the estate of Wyatt Moye deceased." Knowing then that it was a sale on credit, they were in duty bound to see whether it had ever been paid for by their having any distribution after payment of debts. *Deason* v. *Taylor*, 53 Miss. 701; Hill on Trustees, 3d Am. Ed. 769.

3. As to our general right to subject this land to payment of our decree: *McLeod* v. *First National Bank*, 42 Miss. 99; *Proper* v. *Leatherman, Administrator's use, etc.*, 4 Howard 237; *Simmons* v. *Holmes*, 49 Miss. 149; *Isom, Treasurer*, v. *First National Bank*, 52 Miss. 916–917; *Borie* v. *Pollock*, 54 Miss. 10; *Buckingham* v. *Wesson*, 54 Miss. 534; *Borie* v. *Pollock*, 55 Miss. 314; *Bernheim & Co.* v. *C. & P. Beer*, 56 Miss. 151; *National Bank* v. *Insurance Co.*, 104 U. S. 68; *Colt* v. *Lasnier*, 9 Cown. (N. Y.) 320; *Field* v. *Schieppelein*, 7 Johnson Ch. 150; Story's Eq. Jur., §§ 1251, 1258, etc.; Hill on Trustees, §§ 761, 763, 768, etc.

*E. T. Sykes* also argued the case orally.

COOPER, J., delivered the opinion of the court.

In the year 1855 one Moye was, by the Probate Court of Lowndes County, appointed guardian of the appellant. In 1866 Moye died in Monroe County and letters of administration of his estate were granted by the probate court of that county to one Adams. The appellant by his next friend filed his petition in the Probate Court of Lowndes County to compel Adams as administrator of Moye to render a final account of the guardianship accounts, and

on that settlement the estate of the guardian' was found indebted
to the ward in the sum of forty-three thousand nine hundred and
eighty dollars and forty-nine cents, for which sum a decree was
rendered in favor of the ward on the 6th day of July, 1867. The
ward came of age in 1873, and in 1874 filed a bill in the Chancery
Court of Lowndes County (which court had, under the Constitu-
tion of 1869, succeeded to the jurisdiction before that time exer-
cised by the probate court) to revive the decree against the estate
of Moye, and in January, 1874, a decree of revivor was made.
Large payments having been made on the decree, in the year 1876
one Weston, who had been appointed administrator *de bonis non* of
Moye, filed a bill to review the original and revived decree, and at
the same time a similar bill was filed by the heirs-at-law of Moye.
These suits were by order of the Chancellor consolidated, and on
the 30th of May, 1879, the original decree was set aside and
annulled. On the 29th of November, 1879, an account having
been stated, by consent of all parties a new decree was entered in
favor of the appellant for the sum of four thousand dollars. The
bill in this cause was filed on the 31st of May, 1882, in the
Chancery Court of Clay County, to subject to the satisfaction of
the decree of November 29, 1879, certain lands situated in said
county of Clay. The history of the land is as follows : They
had been sold by Moye to one Oliver and notes taken for the pur-
chase-money. After the death of Moye, Adams, his administrator,
had proceeded against the lands to enforce the vendor's lien thereon,
and had procured a decree subjecting them to sale for about the
sum of eighteen thousand dollars unpaid purchase-money. At the
sale made under the decree, the guardian of the heirs of Moye
bought the land at the price of five thousand one hundred and
thirty dollars and had title made to his wards. Of the sum bid
there was paid in cash one hundred and thirty dollars, which was
appropriated to the payment of the cost of suit; the remainder of
the purchase-money was settled by crediting the same on the decree
obtained by Adams' administrator against Oliver. The report of
the commissioner showed that this was done because the lands had
been bought by the heirs of Moye, who would account to the

administrator for the purchase-money on final settlement of the estate of Moye. This report was approved by the court, the sale was confirmed, and the commissioner directed to make a conveyance to the purchasers. In the conveyance the commissioner again recited the manner in which the bid of the purchasers had been arranged. The heirs of Moye continued in possession of the lands until the year 1878, when, having arrived at majority, they conveyed the lands to Davis and Dowd, who soon thereafter sold and conveyed them to one Munger, who died in possession thereof. This bill was filed against the heirs and administrator of Munger, to subject the lands to the payment of the decree in favor of complainant against the estate of Moye.

A demurrer was interposed consisting of eighteen special assignments. We dispose of a number of the objections raised by saying that neither the heirs of Moye, nor Davis and Dowd, were necessary parties to the bill, nor was it necessary to show that the heirs of Moye are insolvent, or that the estate of Moye is now or was insolvent at the date of the purchase of the lands by the heirs, nor that the administrator in chief of Moye and the sureties on his bond are insolvent.

This is not a proceeding against the heirs of Moye nor against the administrator on his bond; its sole object is to subject to the payment of a debt against the estate assets which cannot be reached by ordinary execution and sale. If these lands are assets the creditor may proceed directly against them without turning aside to contest with the administrator or the heirs or the purchasers through whose hands the lands have passed the rightfulness of their conduct in regard to it. The debt of the complainant is not barred on the facts shown in the bill. The opinion of the Chancellor appears in the record, and from it we learn that he treated the transaction as creating a resulting trust in the lands in favor of the administrator of Moye, and because of the failure of the administrator to proceed to enforce the trust in ten years from its creation, he held the trust to be barred by limitation. This is the controlling and most important objection made by the demurrer.

The circumstances under which the debt due the estate was

invested in the lands in controversy are of such character that we
think that it may well be said that the intention of the administra-
tor was to permit the title to the land to be taken to the distribu-
tees, to be held by them on the same conditions and terms as they
would have held it if they had taken the land by descent.    The
investment was approved by the court having control of the sale
of the lands upon the express condition that the heirs should
account for the amount on final settlement of the estate of Moye.
Whether the trust which arose was a technical resulting trust, in the
sense that the administrator would, under any circumstances, have
been entitled to call for a conveyance of the legal title, we think
may be doubted.    The confidence upon which he acted seems
to us to have been that the distributees should have as much
of the money of the estate as was invested in the lands, and that
this was to be charged against them on final settlement if so much
was to be distributed to them.    But if, on the other hand, it should be
necessary for the payment of debts of the estate, to recall the fund,
then the heirs should refund the amount and that there should be a
charge on the land to secure its payment.    It is well settled that an
heir in possession of the lands of his ancestor does not hold the
same adversely so as to bar the right of the personal representative
to proceed to subject it to sale whenever the necessity for such
course occurs.    The title of the heir is conditional upon the suffi-
ciency of the personal estate, and cannot be divested unless there is
a deficiency in such estate for the payment of debts. · When pro-
ceeded against he may show that no legal necessity exists for the sale
of the land, but he cannot defeat a sale by proof that his possession
has not been called in question for a length of time sufficient to
confer title on him by adverse holdings.    This is because his pos-
session is not adverse to the right of the personal representative to
proceed against the land, but is under and in subordination to that right.
We think that the same principles are applicable to the case, and
that the holding the distributees of the funds of the estate which
were invested in the property was in no sense adverse to the
administrator.    Though by express statutory provision there is a
limitation in which suits to enforce trust must be instituted, there

must be some adversary position taken by the trustee before the statute begins to run. So long as he recognizes the trust and performs the duty imposed on him by the position the *cestui que trust* is not called on by law to move in the assertion of his right; it is only when the trust is repudiated and right asserted by the trustee adverse to those of the *cestui que trust* that the statute begins to run. 2 Perry on Trusts, §§ 863, 864; *Wallace* v. *Duffield,* 2 Serg. & R. 521. Whether the vendee of the distributees could invoke the operation of the statute if more than ten years had intervened between the date of their purchase and that of the commencement of the suit it is not now necessary to decide, since if the statute begins to run on that day, the bar was not complete when the suit commenced.

In *Ferguson* v. *Scott,* 49 Miss. 500, it was intimated that though the debts due by the intestate continued to exist as valid claims against the estate, there might be cases in which the creditor or administrator of the estate would lose the right to go against the land in the hands of the heir by delay in instituting proceedings. This suggestion finds support in the decisions of several of the States. *Gore* v. *Brazier,* 3 Mass. 624; *Wyman* v. *Brigden,* 4 Mass. 150; *Mooers* v. *White,* 6 Johns. Chancery 360; *Collamore* v. *Wilder,* 19 Kansas 67; *McCoy* v. *Morrow,* 19 Ill. 519; *Rosenthall* v. *Renick,* 44 Ill. 202; *More* v. *Elsworth,* 51 Ill. 308. These cases proceed on the theory of adopting by analogy the statutes of limitation applicable to the bringing of a real action, or those governing the liens of judgments. A careful examination of the cases has failed to convince us of the correctness of their reasoning. We have statutes of limitation applicable to almost all actions by which rights may be enforced. The legislature has prescribed the manner in which the estates of decedents shall be subjected to the debts due by it, and rigid and short statutes of limitation have been provided by which the claims of a negligent creditor shall be barred. So long as he pursues the remedies pointed out by the law within the time it prescribes, he is entitled to the aid of the courts in the enforcement of his demand.

The demurrer in this case was properly sustained because the

administrator of Moye was not made defendant thereto, but the plaintiff asked and obtained leave to amend, and the amendment was rejected by the Chancellor only because he considered the right to enforce the trust in the land as barred by limitation. In this he erred.

*The decree dismissing the bill is reversed, the amendment permitted, and the cause remanded, with leave to the defendants to answer.*