## MOSES L. WESTBROOK v. LUCY A. MUNGER ET AL.

1. TRUST. *Investment of assets of estate. Purchase by heirs. Rights of creditor.*
   Where land sold under a decree in favor of the estate of a deceased person is bought by the heirs of the decedent, who are allowed to retain the purchase-money, though credited on the decree, upon the condition expressed in the report of sale and commissioners' deed that the amount bid shall be accounted for by them in the final settlement of the estate, such arrangement is an investment of so much of the assets of the estate in the land and creates a direct and technical trust, which may be enforced in favor of a creditor of the decedent by subjecting the land to the payment of his debt, if there be a deficiency of other assets. *Cooper* v. *Cooper*, 61 Miss. 676, distinguished.

2. SAME. *Cessation thereof. Accrual of cause of action.*
   The creditor's cause of action, in such case, does not accrue till the trust has ceased, when, upon final settlement of the estate, it becomes necessary to have the assets thus invested to pay the debts of the estate.

3. SAME. *Bill to enforce. Six years' statute of limitation.*
   A plea of the six years' statute of limitation is not applicable to a bill filed by the creditor, in such case, to subject the land to the payment of his debt, because the bill does not seek to recover back money paid out.

4. SAME. *Enforcement thereof. Seven years' statute of limitation.*
   In such case, the plea of the seven years' statute of limitation, interposed as a bar to the enforcement of the decree under which the land was sold, has no application, because of there being no effort to enforce that decree.

5. SAME. *Accrual of cause of action. Ten years' statute of limitation.*
   The ten years' statute of limitation, which applies to suits for the recovery of land, only commences to run against the creditor's cause of action in respect to such trust after the termination of the trust, upon the final settlement of the estate.

6. CHANCERY PRACTICE. *Plea contradicting pleader's record-title.*
   A plea which contradicts the record of a judicial proceeding through which the defendant derives his title to the property sought to be reached by the complainant's bill is bad.

APPEAL from the Chancery Court of Clay County.

HON. F. A. CRITZ, Chancellor.

On the 27th of February, 1867, R. S. Adams, as administrator of the estate of Wyatt Moye, deceased, obtained a decree against C. A. Oliver for eighteen thousand seven hundred and seventy-five dollars and fifty-eight cents, due as purchase-money of a certain tract of land sold by Moye in his lifetime to Oliver; for the payment of which the land was ordered to be sold upon certain prescribed terms, and in pursuance of the order of sale the land was sold by a commissioner of the court. His report recites that "said land was offered for sale by said commissioner within the hours prescribed by law and according to the terms of said decree, when John S. Dancy, guardian of Caroline M. and W. W. Dancy, minor heirs of Wyatt Moye, deceased, became the highest and best bidder for said minor heirs, the sum bidden amounting in the aggregate to five thousand one hundred and three dollars, out of which said commissioner, for his costs, costs of court, and costs of publication, was paid one hundred and five dollars and seventy-eight cents in cash—balance, four thousand nine hundred and ninety-seven dollars and twenty-seven cents, to be credited upon the decree and to be accounted for by said heirs in the final settlement of the estate of Wyatt Moye, deceased." This report was duly confirmed and the commissioner directed to execute to the purchasers a deed for the land, which was accordingly done on the 28th of August, 1868.

The commissioner's deed recites that, "for and in consideration of the sum of five thousand one hundred and three dollars in this way paid me by the said Caroline M. Dancy and W. W. Dancy, viz.: they taking said lands and being debited with the amount of sale of same in the settlement of the estate of said Wyatt Moye, deceased, being heirs of the deceased, and by virtue of the power in me vested by said decree and orders of court," the said commissioner grants, bargains, sells, and conveys "unto the said Caroline M. Dancy and W. W. Dancy the following described parcels of land," etc.

The Dancys took possession of the land thus bought and con-

tinued in possession till the 8th of October, 1878, when, having attained majority, they sold and conveyed the same to Reuben Davis and W. F. Dowd. On the 14th of November, 1878, Davis and Dowd sold and conveyed the land to Stephen I. Munger, who died on the 21st of December, 1879, in possession of the same.

On the 28th of November, 1879, Moses L. Westbrook obtained a decree for four thousand dollars against the estate of Wyatt Moye, deceased, upon an indebtedness existing in the lifetime of the decedent.

On the 31st of May, 1882, Westbrook filed the bill in this cause against the heirs of Stephen I. Munger, deceased, and the administrator of his estate, which was subsequently amended by making the administrator of Wyatt Moye's estate a party defendant. The bill states the facts above set forth, and also alleges that the complainant can find no property liable to his decree except that claimed by the heirs of Munger, the title to which is derived from Moye's estate, as above narrated, and the prayer is that this land be subjected to the payment of the complainant's decree.

The defendants filed four pleas to the complainant's bill, the substance of each of which is sufficiently stated in the opinion of the court. The court below adjudged each of the pleas to be "a full and complete defense to the bill," and thereupon the complainant appealed to this court.

This case has been in this court before and will be found reported in 61 Miss. 329.

*William Baldwin* and *Humphries & Sykes*, for the appellant.

STATUTE OF LIMITATIONS.—We assume that the recent decision of the supreme court in *Westbrook* v. *Munger et al.*, 61 Miss. 329, is a settlement of the law as applied to the facts presented by the bill, and only notice the fact set up by the plea additional to the facts as shown by the bill, upon which it is sought to found a plea of the statute of limitations.

What then is the additional fact? It is this: That the Oliver land was distributed and given as an absolute distribution and so intended by all the parties.

The supreme court says, after reviewing the facts: "We think

it may well be said that the intention of the administrator was to permit the title to the land to be taken by the distributees to be held by them on same condition and terms as they would have held if they had taken the land by descent." And how much is this presumption strengthened by the statement of the *plea itself, that at that very time, May,* 1868, *there was then pending a petition to declare the estate insolvent.*

And no intent can come in or be tolerated under circumstances of that sort. The intent cannot convert a wrong into a right. And it is a matter of no concern what was the intent, the law, as a presumption in favor of common honesty, will presume the parties to have intended to do what they ought to have done. And the Dancy children will not be permitted to say that they took it as an absolute distribution ; they are estopped by the recitals of the deed to them from so asserting or claiming. The deed to them recites that, being heirs of Moye, they take it and are to answer for it and be chargeable with it in the settlement of the estate of Moye.

These recitals, which are in the nature of a receipt, show how the land was taken. They show that they were to be charged with it in the settlement of the estate of Moye, and the settlement with whom ? why, the creditors or the administrator as representing the creditors.

These children were the only heirs, and there was no one else who had any interest in the estate property except the creditors. Hence we claim that these recitals contain the memoranda of the nature of the distribution and advancement made to the Dancy children, which they and those holding under them are estopped to deny, and those recitals emphatically declare that it was but a conditioned distribution.

But we are gravely told that the case of *Cooper* v. *Cooper,* 61 Miss. 676, is an authoritative utterance of this court against our right to proceed to subject this land to payment of our decree. And it is very artfully and ingeniously sought by counsel for appellees to invoke it both as a precedent and as a sort of equitable estoppel upon this court.

It is useless and profitless to go at large into a criticism of the analogies of the two cases ; suffice it to say that we have never

claimed that this investment was more than a constructive trust and hence subject to the bar of the statute, but the question has always been the time when the statute began to run.

The substantial distinction between the two cases is raised by one sentence of the court in the delivery of the opinion on page 704 of the opinion (61 Miss. 704), viz.: "Being adult and free from disability, they waited more than ten years without proceeding."

This complainant *was not adult* nor did he *wait ten years without proceeding.* He only became adult in 1872, and in less than ten years thereafter filed his bill to subject these lands.

And now we submit that, admitting, with all their deductions and inferences, the facts plead, they can under no circumstances be a ground of defense, and we ask that they be so held and the parties compelled to answer.

*Barry & Beckett,* for the appellees.

In *Cooper* v. *Cooper,* 61 Miss. 698, the court say: "But if the law were different we think we would be bound to conclude upon this record that Cooper bought the land for himself and always claimed and held it as his own." . In the former opinion, in the case at bar, 61 Miss. 334, 335, the court say that they consider the transaction as shown by the bill to indicate an intention on the part of the administrator that the heirs should hold the lands "*as lands descended.*" The pleas of limitation in this case show the facts, and that the heirs bought and held the lands adversely. So this case now falls within *Cooper* v. *Cooper* and is not in conflict with *Westbrook* v. *Munger.*

THE TEN YEARS' STATUTE OF LIMITATION.—If this transaction be treated as an investment by the administrator of the assets of the estate in this land, the title to which *he* took in the name of himself or his wife *or the heirs* or any other person, a resulting trust would at once have arisen in favor of the estate; for in *Cooper* v. *Cooper,* 61 Miss. 703–704, the court say, "Neither can we approve the suggestion that the executor was an express trustee of the land which secured the debt, because he was such of the debt itself."

"But the executor was not express trustee of the land. The testator had no equitable ownership of it *nor power to create a trust in it.*" "If, in fact, it was the thing committed to his care which he held, unless upon notice or repudiation of the trust no statute could apply. But the rule is not the same where not the thing itself, *but something into which that thing is converted,* is involved, for in the latter case the election and claim must be made and asserted within *at least* ten years." "If he buys the thing intrusted to him, it remains an express trust, but if he buy the property mortgaged to give that thing value, the beneficiary may elect to hold him as trustee by *construction of law,* but he must do it within ten years." See 72 Ala. 225, 230–231; 87 N. C. 195.

There is one thing certain, and that is, that this land was not bought in the name of the estate, *but in the name of the heirs;* and there is another thing equally as certain, and that is, that without the consent of the heirs, there was no other way known among men to get the title out of the heirs, *except by a suit,* and that suit was not brought within ten years.

THE SEVEN YEARS' STATUTE.—We think, and have always thought, this was the statute peculiarly applicable to this case. This plea sets up that the balance of the purchase-money, four thousand nine hundred and ninety-seven dollars and twenty-seven cents, was advanced and was intended by the administrator and received by the guardian as so much money absolutely advanced to the heirs on their distributive shares, under the belief by both of them that the estate was solvent. . The sale was ordered to be for *cash.* This was a final decree and could not be altered or modified at a subsequent term. The sale and confirmation were merely in execution of this final decree and must conform to it. *Cromwell* v. *Craft,* 47 Miss. 44.

The creditor not being, so far as shown by this plea, a party to this arrangement, it was as to him a nullity at his election, for as to him it was not a sale for cash nor the same thing as a sale for cash, and there can be no doubt that the creditor could then or at any time afterward have intervened and procured a re-sale.

*Phelps* v. *Jackson,* 31 Ark. 277–278 ; 73 Ala. 101–103 ; *Cooper* v. *Cooper,* 61 Miss. 695 ; *Van Dyke* v. *Johns,* 12 Am. Dec. 80–81, and p. 85, note ; *Scott* v. *Freeland,* 7 S. & M. 409 ; 22 Am. Dec. 291, and note ; *Fort* v. *Blagg,* 38 Ark. 475–476.

But, of course, this re-sale must be applied for within the time in which a re-sale could be ordered, for it is held that the appointment of a commissioner to make a re-sale is in the nature of an execution of the decree and cannot be made after seven years from the date of the last sale, under the statute which provides that " no execution shall issue on any decree after seven years from the date of the issuance of the last execution on such judgment or decree." Code 1857, p. 400, art. 8 ; *Goff* v. *Robbins,* 33 Miss. 153 ; 78 Ky. 424.

THE SIX YEARS' STATUTE.—This plea sets up that this four thousand nine hundred and ninety-seven dollars and twenty-seven cents was advanced and intended by the administrator and received by the guardian of the heirs and allowed by the attorney and next friend of complainant and attorney of his guardian as an absolute and unconditional partial distribution of so much money to the heirs on their distributive shares, under the belief of them all that the estate of Moye was amply solvent, and as a matter of right, and that the heirs and their vendees have held said lands ever since for more than six years next before the commencement of this suit adverse to any claim or charge on it in favor of Moye's estate.

If this was an overpayment to the heirs it was *voluntary,* being made without a refunding bond, and the estate and creditors were barred to recover it back after six years. *Montgomery's Appeal,* 37 Am. Rep. 670 ; 78 Ky. 424 ; *Lay* v. *Lawson,* 23 Ala. 378, 379, and 391 ; 32 N. J. Eqt. 198, note.

PAYMENT.—This plea sets up that this four thousand nine hundred and ninety-seven dollars and twenty-seven cents was advanced and intended by the administrator and received by the guardian of the heirs as an absolute partial distribution of so much money to the heirs on their distributive shares, under the belief by all that the estate was solvent.

It is expressly decided that if the administrator enforce the vendor's lien in favor of the estate, and the guardian of the heirs buy for them on the credit of the estate and pay nothing, that there is no trust or lien on the land. *Fort* v. *Blagg*, 38 Ark. 471, 476; 72 Ala. 225 and 230–231; *Van Dyke* v. *Johns*, 12 Am. Dec. 80–81; 78 Ky. 107–108 and 110–112; *Lay* v. *Lawson*, 23 Ala. 378, 379, and 391.

The report of sale says the heirs were " *to account for the four thousand nine hundred and ninety-seven dollars and twenty-seven cents* " (not the land); the deed say the heirs " *paid* " for the lands by taking them, and being debited with the purchase-money (not the lands); the bill says " the heirs were debited with so much received in the distribution of the estate," and that they took the land " *by way of distribution* " (not descent).

CAMPBELL, C. J., delivered the opinion of the court.

The case made by the bill is that the administrator of Moye's estate enforced a decree he had obtained for the purchase-money of land sold by his intestate, and when the land was sold it was by the consent of the administrator struck off to the two Dancy children as purchasers, and conveyed to them on the express condition that the amount of their bid, accepted as cash, should be accounted for by them in the final settlement of the estate of Moye. The decree was assets of the estate. The estate was in debt, and all its assets might be required to pay the indebtedness. The Dancy children were heirs of Moye and entitled to the estate after payment of its debts. Their guardian desired to secure the land sold under the decree to them and became the best bidder for them, and instead of paying cash, as the decree contemplated and required, it was agreed that only money enough to pay costs should be paid in cash, and that the land should be conveyed to the minors subject to an accounting for the amount of the bid in the final settlement of the estate. This was an express investment of that much of the assets of the estate in the land to await a final settlement, and to be recalled for the purposes of the estate or not as the exigency might require on final settlement. Until then the pro-

visional arrangement thus made was to stand.  If the condition was such that the fund thus invested in the land conveyed in this way to the Dancys should not be needed for the paramount claims of creditors, the land was to be theirs freed from the trust.  If the exigency of the estate required this money to be accounted for it was to be done.  The bill shows that the complainant is a creditor of Moye's estate, and he seeks satisfaction out of this trust-fund invested in the land conveyed to the Dancys in the way stated. The arrangement stated created an express, direct, technical, and continuing trust as to the four thousand nine hundred and ninety-seven dollars and twenty-seven cents invested in the land.

The pleas are all insufficient and should have been overruled. Three of them set up statutes of limitation.  Time is not to be counted until the right of action accrues, and until final settlement of the estate of Moye the trust in the land created by the arrangement made did not cease.  The six years' statute has no application because there is no effort to recover any money paid.  The seven years' statute, which it is claimed bars the decree, has no application, because no effort is being made to enforce the decree under which the land was sold.  The ten years' statute was not a bar for the reason already given, viz.: that time did not begin to run so long as the trust continued and the estate remained unsettled. When it became proper to call for these assets for the purposes of the estate, then, for the first time, a right of action accrued with respect to the charge upon the land.  Until then time went for nothing.

The plea of payment, as counsel call it, *i. e.*, that which avers the solvency of Moye's estate and the payment of the four thousand nine hundred and ninety-seven dollars and twenty-seven cents to the Dancy children as an absolute partial distribution of their shares of the estate, is not sufficient, because it contradicts the record of the transaction by which the defendants claim the land. Their title is derivative from the Dancy children, in whom it was vested as stated above.  The existence of this record, as set forth in the bill, is not denied, but it is contradicted by the averment of the plea that the transaction was not as the record shows it to have

been, which record is the foundation of the title of the defendants. This is not allowable. The record shows the transaction by which the title was put in the Dancy children. It admitteth no averment to the contrary. By it the defendants must stand or fall, for they claim under it.

There is no conflict between the views announced in this case when here before, 61 Miss. 329, and those held in *Cooper* v. *Cooper*, 61 Miss. 676, as supposed by counsel. This case presents an express, direct, technical trust. There was nothing of the kind in the other case, and that was the ground on which it was decided.

As the pleas are held to be insufficient, it is not necessary to notice objections made to the manner of pleading them.

*Decree reversed, pleas overruled, and case remanded for an answer within thirty days after the mandate herein is filed below.*