ELIZABETH M. WACHTER *et al.*

*v.*

JOHN N. DOERR.

*Opinion filed June 23, 1904.*

1. PARTIES—*all persons interested should be made parties to partition suit.* All persons having an interest in the land, including tenants in possession, should be made parties to a proceeding in partition.

2. PARTITION—*decree should not be entered until time for presenting claims has expired.* While partition proceedings may be brought by an heir or devisee before the time allowed by statute for filing claims against the estate has expired, yet the decree should not be entered before it is ascertained whether it will be necessary to sell the land to pay claims.

3. SAME—*when solicitors' fees should not be apportioned.* Defendants to a partition suit should not be required to contribute toward complainants' solicitors' fees, where the suit was defended in good faith and the titles and interests of all parties in the premises were not correctly set forth in the bill.

APPEAL from the Superior Court of Cook county; the Hon. MARCUS KAVANAGH, Judge, presiding.

JAMES E. McGRATH, for appellants.

ELMER H. ADAMS, for appellee.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

On August 4, 1902, John Doerr died intestate, leaving John N. Doerr, Elizabeth M. Wachter, Louis Mathias Doerr, William J. Doerr, Charles J. Doerr and Alfonso O. E. J. Doerr his children and only heirs-at-law. At the time of his death he was the owner of two twenty-five

foot lots in the city of Chicago, on which were located buildings occupied by his tenants. On August 9, 1902, William J. Doerr was appointed administrator of the estate, and from that time the administration proceeded in the probate court of Cook county. On April 13, 1903, said John N. Doerr, the appellee, filed the bill in this case in the superior court of Cook county for the partition of said real estate. Charles J. Doerr and Alfonso O. E. J. Doerr were minors and appeared by their respective guardians, and William J. Doerr was made a defendant in his capacity as administrator. William J. Doerr in his own right and as administrator and guardian of Alfonso O. E. J. Doerr, together with his wife, Barbara Doerr, and Elizabeth Doerr, the wife of the complainant, answered, neither admitting nor denying the allegations of the bill. Elizabeth M. Wachter, John B. Wachter, her husband, Louis Mathias Doerr, and Charles J. Doerr by Clara Wagner, his guardian, answered, and denied that the parties to the suit were the only persons having any interest in the premises, and alleged that other persons were in the actual occupancy and possession of the same and had some interests therein which were unknown to said defendants. The cause was referred to a master in chancery, and it was proved that the premises were occupied by tenants and were so occupied at the death of John Doerr, and that William J. Doerr collected rents from the tenants and divided the same among the heirs. There was no evidence concerning debts of the estate or the administration. The master reported conclusions of fact substantially as stated in the bill, and that no other person or persons than the parties to the suit had any interest in the premises, either in possession, remainder, reversion or otherwise. The court overruled exceptions to the report and entered a decree for the partition of the premises, with a finding that the complainant was entitled to a solicitor's fee of $350, and that William J. Doerr, as guardian, was entitled to a solicitor's fee of $25.

In a proceeding for partition all persons interested in the property to be partitioned must be made parties. (*Kester* v. *Stark*, 19 Ill. 328.) All persons having an interest in the premises, of whatever nature or quantity and whether in possession or out of possession, are necessary parties. (15 Ency. of Pl. & Pr. 792.) Chapter 106 of the Revised Statutes, governing the partition of real estate, provides that the petition shall set forth the interest of all persons therein; that every person having an interest, whether in possession or otherwise, who is not a petitioner, shall be made a defendant, and that the court shall ascertain and declare the rights, titles and interest of all the parties. (Hurd's Stat. 1899, p. 1255.) As the court is required by the statute to find the right, title and interest of all parties, the bill must set forth such interests. (*Prichard* v. *Littlejohn*, 128 Ill. 123; *Wilson* v. *Dresser*, 152 id. 387.) A person not made a party to a proceeding for partition and who does not appear is not bound by the decree, and his interest in the premises will not be affected by it. (*Borders* v. *Murphy*, 78 Ill. 81.) The averment of the bill that no other persons than the parties to the suit had any interest in the premises was not proved, but the evidence was that there were tenants in possession having some interest in the premises who were not made parties and who would not be bound by the decree. Their possession was notice of their rights, and in case of partition or sale the heir or purchaser would take the premises subject to such rights, whatever they were. The witness for defendants did not know what the terms of the leases or the rights of the tenants were and the complainant offered no proof on the subject. The answer and evidence disclosed the absence of necessary parties, and the court erred in entering the decree.

At the time the suit was commenced the period allowed by the statute for the presentation of claims against the estate of John Doerr had not expired, and

there was no proof whatever as to the debts or liabilities of the estate. For aught that appears, the administrator might be compelled to resort to a sale of the real estate for the payment of debts. The heirs held the premises as tenants in common charged with debts of the estate, if any should be established in the probate court within the statutory period, and if the premises should be partitioned the portion allotted to one heir might afterward be sold by the administrator to pay debts. The creditor would not be barred by the decree in the partition suit. (*Sutton* v. *Read*, 176 Ill. 69.) If the suit should result in a sale of the premises, the purchaser would take title subject to the claims of the creditors. (*McManus* v. *Keith*, 49 Ill. 388; *Bassett* v. *Lockard*, 60 id. 164.) By the decree the court found a clear title in the parties to the suit, and the proof did not justify the finding. In some States a proceeding for partition before an estate has been settled or the time allowed for that purpose has expired has been held to be premature, and in others a suit for partition before that time is prohibited by statute. (21 Am. & Eng. Ency. of Law,—2d ed.—p. 1174.) We have not held that the proceeding cannot be instituted but have condemned the practice of taking decrees before it can be known whether or not it will be necessary to sell the land to pay debts. (*Sutton* v. *Read, supra.*) In that case it was also held that the court will not take the administration of estates from the county court solely to facilitate the partition of real estate. When the debts of the estate have been ascertained, if a sale is to be made in a partition suit it is proper to order the payment of a sufficient sum to the administrator to pay the debts which are a charge upon the estate. (*Labadie* v. *Hewitt*, 85 Ill. 341.) The evidence does not sustain the findings or the decree.

The decree was also erroneous as to solicitors' fees, both because the suit was defended in good faith and because the titles and interests of all parties in the prem-

ises were not correctly set forth in the bill. The omission of necessary. parties made it proper for the defendants to employ counsel to protect their interests. In such a case they should not be compelled to pay a share of the fees of complainant's solicitor. (*Hartwell* v. *DeVault*, 159 Ill. 325.) Counsel for appellee says that the fees were merely fixed by the decree, to be paid out of the proceeds of a contemplated sale and to be borne equally by all the parties in interest, and insists that there can be no objection to such an allowance. The effect of such a payment out of the proceeds of the sale would be to compel the defendants to pay a portion of the fees of complainant's solicitor in proportion to their respective interests in the premises, and they should not be compelled to do that.

The decree of the superior court of Cook county is reversed and the cause is remanded.

*Reversed and remanded.*