## W. F. WHITE *et al.*

*v.*

## JOHN B. HORN *et al.*

*Opinion filed December 22, 1906.*

1. EXECUTORS AND ADMINISTRATORS—*creditors' lien for debts of estate is not perpetual.* The law gives to creditors of an estate a lien upon the real estate to be enforced by the administrator for their benefit, but this lien is not perpetual and may be lost by gross *laches* or unreasonable delay; nor does such lien become perpetual because it has taken the form of an order to sell the real estate.

2. SAME—*when order to sell real estate to pay debts is only a lien.* Where the only effect of an order to sell lands to pay debts of an estate is to subject the lands to sale for that purpose the order amounts to no more than a lien, and payment of the claims will relieve the land from the effect of the order.

3. SAME—*when application to sell land should be made.* In the absence of a statute fixing a definite period of limitation, an application for an order for the sale of lands to pay debts of the estate must be made within seven years unless the delay is satisfactorily explained, in which case much longer time will not bar proceeding.

4. SAME—*time within which order of sale may be executed.* By analogy to the law relating to the lien of a judgment and the Statute of Limitations, where an order for the sale of land to pay debts of an estate has not been executed within seven years from the date

of its entry the parties may be brought into court at any time within twenty years, and in a proper case the order may be revived and executed.

5. SAME—*mere change in value of land will not excuse delay in selling.* An order for the sale of lands to pay debts of an estate can not be executed more than twenty years after its entry, where the only excuse for the delay is that the land, owing to general advance in market value, has recently become of sufficient value to warrant the sale. (*People* v. *Lanham,* 189 Ill. 326, distinguished.)

APPEAL from the Appellate Court for the Third District;—heard in that court on appeal from the Circuit Court of Pike county; the Hon. HARRY HIGBEE, Judge, presiding.

WILLIAMS & WILLIAMS, and PAUL F. GROTE, for appellants:

When a decree, from lapse of time, is presumed to be executed, or has become dormant, the parties may be brought before the court by petition and an order to enforce the decree entered. Story's Eq. Pl. sec. 429; 2 Daniell's Ch. Pr. 1585; *Franklin* v. *Franklin,* 1 Md. Ch. 342; *Arnold* v. *Styles,* 2 Blackf. 391; *Griggs* v. *Railway Co.* 10 Mich. 117.

A judgment *in rem,* in the absence of statutory limitations, is never barred by lapse of time, and may be enforced so long as it is possible to do so by the aid of the court. *Butt* v. *Maddox,* 7 Ga. 495; 2 Daniell's Ch. Pr. sec. 1507, note *a;* *Butler* v. *James,* 33 Ga. 151; *VanRensellaer* v. *Wright,* 121 N. Y. 626; *Wing* v. *Rionda,* 125 id. 678.

In proceedings by an executor or administrator to sell real estate to pay unsatisfied claims against the estate, the rule of *laches,* rather than of legal limitations, is to be applied, and hence mere lapse of time, if satisfactorily explained, does not bar the right to sell. *People* v. *Lanham,* 189 Ill. 326; *Judd* v. *Ross,* 146 id. 40; *McCollister* v. *King,* 10 Ill. App. 243; *Bursen* v. *Goodspeed,* 60 Ill. 277.

The striking of a cause from the docket does not place it so out of the court and beyond its jurisdiction but that it

can be again brought before the court in some mode. *Tibbs*
v. *Allen,* 29 Ill. 535; *Welch* v. *Louis,* 31 id. 446.

EDWARD DOOCY, and WILLIAM MUMFORD, for appellees:

The delay of nineteen years before selling land upon a
decree, the validity of which was not questioned, is not ex-
cused by the fact that the property had but recently advanced
to such value as would justify a sale subject to the dower of
the widow. *Graham* v. *Brock,* 212 Ill. 579.

Where there has been nothing to prevent creditors from
resorting to the county court to compel the administrator to
subject the lands to the payment of debts before the space of
fourteen years the claimants are barred by *laches.* *Bishop* v.
*O'Conner,* 69 Ill. 431.

In the case at bar twenty-four years had elapsed and the
petitioners in this case have never taken any affirmative steps
to compel the sale of the lands. The only excuse is that the
lands were subject to the dower interest of Ethalinda Coch-
ran and were of very little value. Neither of these excuses
will avail petitioners to maintain their petition at this time.
*Graham* v. *Brock,* 212 Ill. 579.

A creditor will be considered to have waived his lien
upon the property of an intestate if he does not pursue his
remedy within a reasonable time. If prosecuted within a
reasonable time a lien will be good against purchasers from
heirs or devisees. *McCoy* v. *Morrow,* 18 Ill. 519.

As a general rule, when the statute has fixed the period
of limitations under which a claim in a court of law will be
barred, courts of equity, by analogy, will adopt the limita-
tion thus fixed; but they will often adopt a less period as a
bar on the ground of discouraging stale claims or gross
*laches* or unexplained acquiescence in the assertion of an
adverse right. *Bates* v. *Gillett,* 132 Ill. 289.

A party who challenges the title of his adversary to real
property must be diligent in discovering that which will
avoid the title and render it invalid and diligent in his ap-

plication for relief. Unreasonable delay not explained by
equitable circumstances is evidence of acquiescence and will
bar relief. *Howe* v. *South Park Comrs.* 119 Ill. 101; *People* v. *Hoffman,* 182 id. 400.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the
court:

Thomas Cochran, at the time of his death, on June 18,
1876, was the owner of two tracts of land in Pike county,
one containing 32 acres and the other 75.75 acres. He left
no descendant, and the heirs were his widow, Ethalinda
Cochran, and collateral relatives. The lands were subject
to the dower of the widow, and she took one-half in fee as
heir, subject to the dower. John B. Horn, one of the appellees, was appointed administrator on August 18, 1876,
and claims were allowed against the estate in excess of the
personal assets to the amount of $3600. The creditors presented to the court their petition for a citation against the
administrator to compel him to sell the real estate to pay
the debts, and on June 30, 1880, he filed his petition for that
purpose. On October 22, 1880, an order of sale was entered, and by virtue of that order the lands were sold on
January 22, 1881, the 32-acre tract bringing $187.50 and
the 75.75-acre tract $75. A report of the sale was made,
which the county court refused to approve because of the
inadequacy of price. The sale was set aside and the administrator was ordered to again advertise and sell the lands.
No further attempt to sell the lands was made and nothing
was done by the creditors to compel a sale until March 22,
1904, when appellants, who are creditors of the estate, presented to the county court their petition in this case for a
citation to the administrator to show cause why he should
not proceed to sell under the original order. John B. Horn
and Ethalinda Cochran, the appellees, demurred to the petition, and their demurrer was overruled and an order was
entered directing the appellee Horn to sell the real estate

224—16

in pursuance of the original order. Appellees appealed to the circuit court, where they again demurred to the petition and the demurrer was overruled. Appellee Horn then filed his answer, alleging that the judgments of appellants were barred by limitation and by their negligence and *laches;* that the proceedings for the sale were long ago abandoned and the case was off the docket of the county court, and that appellants had allowed the widow to expend large sums of money to improve the land and were estopped to assert any rights antagonistic to her. The circuit court heard the cause and entered an order requiring the appellee to advertise the lands and proceed to sell the same under the order entered October 22, 1880. Appellees appealed to the Appellate Court for the Third District, and that court reversed the order of the circuit court. From the judgment of the Appellate Court appellants have brought the case here by appeal.

The petition for the enforcement of the order of sale was filed more than twenty-three years after the order was entered, and alleged as an excuse for the delay that both tracts were encumbered by dower rights of the widow, and that the 75.75 acres were swamp lands in a drainage district and of little value, and that the lands have recently become valuable. The petition further alleged that the widow was in possession of all said lands from the death of her husband; that on October 23, 1893, she conveyed the 75.75-acre tract to Peter Brown, and thereby her dower right in that tract was extinguished; that on January 10, 1895, Brown procured a deed from the commissioners of the drainage district, who had bought said tract for levee and other taxes on June 4, 1883; that on September 7, 1895, Brown and wife quit-claimed the premises to the widow, and on July 11, 1902, she also received a deed from Isaac Strauss and wife, who had bought the tract at a tax sale on June 13, 1898. One of the petitioners testified that the lands were of little value prior to the settlement, in 1902, of a bond suit in the United States court against the drainage district, and before that

settlement would not have sold for enough, subject to the widow's dower, to pay for the cost of the proceeding. The petition alleged that the widow had contracted a sale of part of the premises for $3600 and had filed a petition to quiet title as against petitioners.

The principal question presented is whether a petition to enforce the execution of an order of sale to pay the debts of an estate will be entertained after the lapse of twenty-three years from the time it was entered. There is no statute limiting the time within which an administrator shall file a petition for leave to sell land to pay debts nor within which he shall proceed to execute the order of sale after it has been entered. The question within what time the petition shall be filed has often been considered, and a period has been fixed which was adopted in analogy to statutes of limitation relating to liens of judgments. In the absence of a legislative rule fixing a definite period of limitation it has uniformly been held that the application must be made within seven years, unless the delay is satisfactorily explained. If the circumstances show good reason for a delay a very much longer time will not bar a proceeding. *Rosenthal* v. *Renick,* 44 Ill. 202; *Moore* v. *Ellsworth,* 51 id. 308; *Bursen* v. *Goodspeed,* 60 id. 277; *Judd* v. *Ross,* 146 id. 40; *People* v. *Lanham,* 189 id. 326; *Graham* v. *Brock,* 212 id. 579.

Counsel for appellants contend that the rule so established does not apply to an order of sale; that the proceeding is *in rem,* and a judgment of that kind does not fall within any statute of limitation, and that the order may be executed at any time, however remote. While counsel are correct in saying that there is no statute governing the time within which the order may be executed, it is equally true that there is no statute fixing the time within which the application shall be made, and that practically the same reasons which induced the establishment of the rule in one case apply to the other. The law gives to creditors of an estate a lien on the real estate to be enforced by the administrator for their benefit;

but the lien is not perpetual, and may be lost by gross *laches* or unreasonable delay, (*Vansyckle* v. *Richardson,* 13 Ill. 171,) and there seems to be no valid reason why the lien should be perpetual after it has taken the form of an order of sale. It is the often-declared policy of the law that titles to real estate shall be secure, and courts have not hesitated to apply rules, based on the analogies of statutory law, to prevent insecurity of such titles. In the case of a sheriff's certificate of sale, although there was no statutory limitation, the court applied a rule, drawn from the analogies of the law, that the deed must be made within a reasonable time; that such time was the seven years within which the judgment was a lien, adding thereto fifteen months allowed for redemption, and that if the application for a deed was not made within that time it must be made through the court, on notice to the parties. The court was inclined to hold that a period of twenty years should be considered an insuperable bar to the relief prayed for. (*Rucker* v. *Dooley,* 49 Ill. 377.) The court in that case mentions other examples where a limitation had been adopted without legislation, and re-iterates the declaration of a former opinion: "In short, the policy of our law is repose and security of titles and estates against dormant claims."

Where the only effect of an order to sell lands to pay debts is to subject the lands to sale for that purpose, the order amounts to no more than a lien, and payment of the claims will relieve the lands from the effect of the order. The heir, in such a case, may pay the debt and relieve the lands from the charge. (*Richie* v. *Cox,* 188 Ill. 276.) By statute a judgment is a lien upon land for seven years if execution has been issued within a year, and no longer. When the judgment has become dormant it may be revived by *scire facias,* or an action of debt may be brought thereon within twenty years after the date of the judgment, and not afterward. Actions for the recovery of lands held adversely are barred in seven years under some circumstances and in

other cases in twenty years. Petitioners seem to have recognized that the order of sale had become dormant and could not properly be executed without bringing the parties interested before the court and obtaining an order to enforce the decree.

Following the analogies of the law, it would seem that if an order of sale has not been executed within seven years from the date of its entry the parties may be brought before the court at any time within twenty years, and in a proper case the order may be revived and enforced; but we do not think that the order ought to be enforced, in a case like this, more than twenty years after the original order was entered. The only excuse for the long delay which was alleged or proved was, that the lands were worth nothing in the market until recently, when there has been a great advance in market value. In the case of *People* v. *Lanham, supra,* where a great delay in beginning the proceeding was excused, the lands were subject to a homestead estate and could not have been subjected to a sale for the payment of the debts of the estate, and similar conditions existed in other cases where it was held that the delay was satisfactorily explained. There was something in the condition of the title which prevented a sale, and not a mere question of market values, which has not been regarded as good ground for delay. (*Graham* v. *Brock, supra.*) A steady increase in the market value of farm lands in this State has taken place since the first settlement of the country, and a probability of increased market value in the future would exist in every case. None of the reasons generally applicable to the commencement of proceedings which would excuse delay could have any force in excusing the execution of the order when once made.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*