(No. 27359.—

HART E. BAKER, Admr., Appellee, *vs.* EVELYN SORENSEN DEVLIN *et al.*, Appellants.

*Opinion filed March 21, 1944—Rehearing denied May 11, 1944.*

442

Thomas Tighe, and Charles Liebman, both of Chicago, for appellants.

Einer C. Howard, and Hart E. Baker, both of Chicago, for appellee.

Mr. JUSTICE MURPHY delivered the opinion of the court:

This is an appeal from a decree entered in the probate court of Cook county which directed the administrator of the estate of Richard Sorensen, deceased, to sell certain real estate to pay debts. A freehold was involved and this court has jurisdiction by a direct appeal. *Anderson* v. *Anderson*, 338 Ill. 309; *Bondurant* v. *Bondurant*, 251 Ill. 324.

Richard Sorensen died in April, 1935, intestate. Appellants, Lena Kooper, a sister of decedent, and Evelyn Sorensen Devlin, a niece, were his only heirs-at-law. They petitioned the probate court for the appointment of Hart E. Baker as administrator. Letters were issued May 22, 1935, and his inventory of the assets of the estate was approved by court order February 20, 1936. The assets listed consisted of the real estate involved on this appeal, certain cash and personal assets of a total value of $747.70, and a one-half interest in the estate of William Lynn, deceased, which was described as desperate and without an estimate as to value. Claims filed within the year following the appointment of the administrator aggregated $3907.90. Except for the allowance of claims, there does not appear to have been anything filed in the court after the presentation of the inventory until July 22, 1940, when the administrator filed, as preliminary to a petition to sell real estate to pay debts, a "statement of condition" as provided by section 228 of the Probate Act. (Ill. Rev. Stat. 1943, chap. 3, par. 382.) The indebtedness listed in such statement totaled $3907.90, plus $505 as the estimated costs of administration. The assets shown were cash and personal property items as per inventory $747.70, plus cash $417.58 received from the estate of William Lynn, deceased. The deficit shown was $3247.62. It does not appear that this statement was ever presented to the court for approval. A few days after the filing of the statement, the admin-

istrator filed a petition to sell real estate to pay debts. A summons was issued to be served on appellants but was returned with the notation that they could not be found in the county.

No further proceedings were had in the court until the administrator, on October 29, 1942, filed an amended statement of condition of the estate. The indebtedness listed in the amended statement totaled $2030.74, plus estimated costs of administration $500. The assets consisted of cash $627.78 and chattel property, per appraisement, of $68. The deficiency of personal assets was fixed at $1834.96. The amended statement received court approval and the administrator filed an amended petition to sell real estate to pay debts. Appellants were served and filed separate answers. A hearing was had and a decree entered. This appeal followed.

Appellants' first contention is merely preliminary to their second point. Reference is made to the lack of a court order approving the original statement of condition and from that it is argued that, in determining whether the petition to sell was barred by *laches,* the time must be computed to the approval of the amended statement in October, 1942. Appellants contend that since there was a lapse of more than seven years from the date of letters to the approval of the amended statement and the filing of the amended petition, the proceeding was barred by *laches.* The filing of the amended statement and the court's approval of it was a compliance with the requirement of the statute that a statement of condition must be filed and approved preliminary to the filing of a petition to sell real estate to pay debts. The present Probate Act, like the old Administration Act, does not contain any express provision limiting the time within which a petition to sell real estate to pay debts may be filed. Under the former act it was held that such a petition might be barred by *laches* and the court adopted seven years as a reasonable time

within which such an application might be made. (*Graham v. Brock,* 212 Ill. 579.) It was also held that if the administrator had a reasonable excuse for the delay in filing the petition, it would not be barred by *laches* even though there had been a delay of more than seven years. The sufficiency of the excuse depends largely upon the circumstances of each case. (*Bursen v. Goodspeed,* 60 Ill. 277.) The rule that controlled such matters under the former act may be applied to similar situations arising under the present act. The inquiry must be then to determine whether a reasonable excuse for the excessive delay has been shown. The evidence on this point is indefinite and uncertain but it does appear that the assets from the Lynn estate were not received by the administrator of the Sorensen estate until sometime in 1938. One of the appellants was the representative of the Lynn estate, who closed it and made the payment to appellee. The statement of condition filed in July, 1940, listed the various creditors of the estate and the amount due each. The amended statement filed in October, 1942, lists five creditors instead of ten, as in the original, and the total claims were reduced from $3907.90 to $2030.74. Included in this latter total is the claim of George Kooper, husband of appellant Lena Kooper. He died while the petition was pending in the probate court and appellant Lena Kooper is the representative of his estate. The record does not disclose the details of the time and labor required in obtaining a withdrawal of some of the claims and reduction of others but it does appear that it was accomplished without the payment of money from the estate. It is obvious that the accomplishment of such results would necessarily require time. Under the circumstances shown, the probate court was warranted in holding that the petition to sell was not barred by *laches.*

Appellants further contend that the court deprived them of the right, as heirs-at-law, to prove that the claims of some of the creditors were invalid and should not be

allowed against the estate. It is well settled that claims allowed against an estate by an administrator may be questioned by the heirs in a proceeding to sell real estate to pay debts against the estate. (*Meyer* v. *Meyer*, 379 Ill. 97; *Noe* v. *Moutray*, 170 Ill. 169; *Ford* v. *First Nat. Bank*, 201 Ill. 120.) But the record in this case does not preserve the question urged by appellants. The record shows a long colloquy engaged in by counsel for both parties. The court asked many questions, evidently trying to have counsel advise him as to their respective contentions. During such discussion the court stated that he would not hear evidence and directed preparation of a decree as prayed. At no time did appellants' counsel point out any claims which he wished to contest, nor did he at any time make an offer of proof to show that any of the claims were not valid. There were claims of only five creditors, one of which was appellant Kooper's claim previously mentioned, one for funeral expenses of decedent, another for funeral expenses of decedent's mother who predeceased him, the fourth for money advanced to meet special assessments against decedent's property and the nature of the fifth, which was for $25, does not appear. The hearing on the petition and answers was first set for November 17, 1942. There were several continuances before hearing was had February 1, 1943. At one of the adjourned hearings, three of the creditors of the estate were present or represented and ready to make proof of their respective claims. Appellant Kooper was also present. Appellants asked for a continuance and, when protest was made on behalf of the creditors, counsel for appellants stated it would not be necessary for the creditors to return, that if he needed or wished them to come, he would arrange for their appearance; that all he wanted was a continuance to get a chance to talk to the claimants and effect a settlement. The decree was entered at the next hearing under the circumstances related.

Appellants' contention that the decree is erroneous in that it does not fix the deficiency of assets against the indebtedness is also without merit. The decree contains recitals of the jurisdictional facts, the appointment of the administrator and the filing of his "amended statement of condition of the estate showing a deficit of $1834.96." The several claims making the deficit were fully set forth in the amended statement. Under the facts shown the recital of the deficit in the decree was sufficient and was within the court's jurisdiction to enter. Appellants contend that the decree should have contained a conditional direction of sale giving them an opportunity to pay the claims against the estate and costs of administration within a time fixed by the decree. The statute under which the sale was directed contains no such requirement but if, prior to sale, the heirs should advance to the administrator money sufficient to pay the debts and costs of administration, he would be required to accept it. The power of sale he may exercise through a decree entered in this kind of a proceeding is dependent upon a deficit of assets to pay the debts and claims. When the administrator has assets in his hands sufficient to meet them he is without power to sell.

The administrator was directed to sell the tracts described, or so much thereof as was necessary to pay the debts and costs of administration. The decree provided that the sale might be made subject to the unpaid taxes and special assessments or free and clear of the same, and in the event of sale pursuant to the latter direction, the administrator was to pay such taxes and assessments in full or at a figure agreed upon in compromise with the taxing bodies. Appellants argue that this alternative renders the decree ambiguous and uncertain. It would have been better practice if the court had made specific direction in regard to the taxes and assessments rather than to delegate this discretion to the administrator but the alternative direction will not confuse the prospective purchasers for

the administrator's notice of sale will disclose which direction he is following in making the sale. The decree will not be reversed for such irregularity.

Appellants contend that necessary parties were omitted from the decree. It is argued that the county of Cook had such an interest in the general taxes and the village of Bellwood, within which the lots were located, had such an interest in the special assessments that, under the requirements of section 230, (par. 384,) both municipalities should have been made parties defendant. The statute directs that all persons holding liens against, or having an interest in, the real estate to be sold "whose rights are sought to be affected by the decree, shall be made parties defendant." The petition contained allegations as to the amount of the general taxes and special assessments but there was no prayer for relief against such liens. As stated, the decree directed the property sold subject to the several tax liens or disencumbered of them with payment of the same to be made from the proceeds of the sale. In either event the municipalities mentioned were not parties whose rights were sought to be affected by the decree.

Appellants' final contention is that the court should have allowed their motion to exclude from the proceeding Einar C. Howard as attorney for the administrator. The motion was made during the hearing on the petition to sell real estate to pay debts. It is argued that he is disqualified by reason of having previously represented appellant Evelyn Devlin as an heir-at-law in said estate. There is some evidence which fully explains Howard's position in the case. Under the facts shown, the motion was without merit.

Finding no reversible error in the record, the decree of the probate court is affirmed.

*Decree affirmed.*