(No. 28384.—

In the Matter of the Estate of Alexander William Neff, Sr.—(Hugh S. Hilboldt, Admr., Appellant, *vs.* Amelia Osterloh Neff *et al.,* Appellees.)

*Opinion filed March 21, 1945.*

DEWEY & CUMMINS, (W. E. CUMMINS, and CHARLES L. RICE, of counsel,) all of Cairo, for appellant.

PEYTON BERBLING, of Cairo, ALBERT S. O'SULLIVAN of Belvidere, and FEIRICH & FEIRICH, of Carbondale, for appellees.

Mr. CHIEF JUSTICE FULTON delivered the opinion of the court:

This was a petition in the county court of Alexander county by the administrator *de bonis non* against the widow and heirs-at-law of Alexander W. Neff to sell real estate to pay debts.

*Laches* was interposed by an answer as a defense in that the petition was not filed until after the expiration of more than seven years. The county court held that the petition should be denied and entered an order dismissing it. It is settled law in this State that while there is no statutory time limitation imposed upon the filing of a petition for the sale of real estate to pay debts of a decedent, a delay of seven years after the granting of letters of administration, if not satisfactorily explained, is such *laches* as will bar any relief sought in the petition. (*Moore* v. *Ellsworth,* 51 Ill. 308; *McKean* v. *Vick,* 108 Ill. 373; *Baker* v. *Devlin,* 386 Ill. 441; *Hurlbut* v. *Talbot,* 273 Ill. 299, 307.) This proposition is conceded by all parties herein, and since there are no other questions presented by this appeal, our consideration here is directed to determining whether there are sufficient facts and circumstances to excuse the delay of thirteen years in bringing action.

Alexander W. Neff, Sr., died on April 2, 1929. On April 29, 1929, letters of administration were issued to Herbert M. Neff. The inventory was filed on June 29, 1929, and approved July 3, 1929. With the exception of a widow's allowance of $500, there was only one claim filed in the estate,—that of the Cairo-Alexander County

Bank, which was filed on April 22, 1930. The record indicates that on April 30, 1930, the administrator entered his appearance, waived process and stated that he did not object to the allowance of the claim. The claim was not, however, allowed until August 26, 1936, more than seven years after letters were issued. Meanwhile, the Cairo-Alexander County Bank had been closed by the State Auditor and placed in the hands of a receiver on August 1, 1933. From March, 1933, to August 1, 1933, the bank was operated by a conservator, W. C. Corbley. From August 1, 1933, to March 1, 1934, the same W. C. Corbley acted as deputy receiver and was replaced on this latter date by E. L. Dupuy, who continued as such deputy receiver until July 1, 1941, when he was succeeded by Lloyd Oller.

In January, 1939, C. H. Albers, then receiver of Cairo-Alexander County Bank, filed in the county court a petition for citation against Herbert M. Neff, administrator. A decree was entered on January 30, 1939, removing Neff as administrator. On March 27, 1939, Hugh S. Hilboldt, the petitioner herein, was appointed by the county court of Alexander county as administrator *de bonis non* of the estate of Alexander W. Neff. It was not until February 21, 1942, that the petition to sell real estate was filed.

As stated above, in determining the propriety of the decree entered by the county court, it is necessary for us to consider only one point and that is, does the record in this proceeding indicate sufficient facts and circumstances to excuse the delay of nearly thirteen years before filing a petition to sell real estate?

The first point raised by appellant is that one C. V. Neff, a brother of the deceased and uncle of Herbert Neff, original administrator, was a director of the Cairo-Alexander County Bank. It is further argued that the said C. V. Neff was the person actively in charge of the management of all of the real estate inherited by himself,

Alexander W. Neff, the decedent herein, and Effie Neff, a sister. The record is barren of any evidence indicating that C. V. Neff obstructed or delayed the prosecution of the creditor's remedy in this case. In addition thereto, C. V. Neff died on August 14, 1931, more than ten years before the petition to sell real estate to pay debts was filed.

The next contention is that the creditor bank was in the hands of a conservator and four deputy receivers beginning in March of 1933. This state of facts, it is argued, was productive of delay in that it was necessary for the various individuals to acquaint themselves with the affairs of the bank. It is to be noted, however, that it was the same individual, W. C. Corbley, who acted as conservator from March, 1933, to August, 1933, and thereafter as deputy receiver to March, 1934, and that his successor, E. L. Dupuy, acted continuously thereafter as deputy receiver until July 1, 1941. We find no merit in appellant's contention herein. There was no showing of even a small amount of diligence necessary to subject Alexander W. Neff's real-estate interest to the claims of creditors.

Appellant also argues that there were efforts made to effect a settlement or an adjustment of the bank's claim by the receiver and his attorney. Without passing on the question of whether negotiations for settlement conducted during the seven-year period constitutes an adequate excuse for delay, suffice it to say that the record here totally fails to connect the heirs of Alexander W. Neff with any such claimed negotiations.

There has been no adequate excuse or satisfactory explanation shown in this case for the delay of nearly thirteen years in instituting proceedings to subject the real estate of the decedent to the payment of his debts. The order of the county court of Alexander county denying and dismissing the petition is affirmed.

*Order affirmed.*