In the Matter of the Estate of Carl A. Frick,
Deceased.

Harry L. Frick, as Executor of the Will of Carl A. Frick, Deceased, Petitioner-Appellee, v. Ann B. Frick, et al., Defendants. William T. Hull, Jr., Defendant-Appellant.

Gen. No. 11,352.

Second District, Second Division.

May 19, 1960.

Joseph R. Rosborough, of Moline, for appellant.

Bertrand C. Schuemann, and Andrew Kopp, of Moline, for appellee.

WRIGHT, J.

Carl A. Frick, a resident of Rock Island County, Illinois, died testate on September 6, 1950. On Octo-

ber 16, 1950, decedent's will was admitted to probate and letters testamentary issued by the Probate Court of Rock Island County to Harry L. Frick. William E. Furgie, a creditor of the decedent, on August 27, 1957, which was less than seven years after decedent's death, filed a petition stating that his claim for funeral expenses in the sum of $745, had not been paid in full; that he had received payment on the claim in the amount of $150 from the executor on March 27, 1951, leaving a balance unpaid of $595. The petition further alleged that there were insufficient personal assets to pay the claim, that decedent's real estate should have been sold long ago to pay debts, and that the statutory period of seven years for sale of real estate was about to expire. The petitioner prayed that the Probate Court enter an order for an additional time of six months for the sale of real estate to pay debts. The petition stated, in part, the following:

"That there is a deficiency of personal estate to pay debts and claims and costs and expenses of administration, and that because of said deficiency the real estate that was owned by said testator *should long ago have been sold* to pay said debts, claims, costs and expenses of administration, and *that said Executor has been derelict in his duty in that regard,* although he well knew that said debts and claims should have long since been paid." (Emphasis Added.)

On August 29, 1957, the court entered an order granting an extension of six months for the sale of real estate to pay debts and further ordered the executor to file a petition for such sale within twenty days and to proceed to take the necessary steps to sell the real estate within the time so extended. On September 17, 1957, the executor filed his petition to sell real estate to pay debts and the various defendants were served with process or entered their appearances.

On February 11, 1958, Ethel M. Furgie, as administrator of the estate of William E. Furgie, deceased, filed a petition for a second extension of time for the sale of real estate to pay debts. In her petition, Ethel M. Furgie advised the court that William E. Furgie had died and that she had been appointed administrator of his estate on November 15, 1957. She further alleged in paragraph 6 of her petition the following:

"6. That nothing further has been done in connection with said petition to sell real estate to pay debts, that the six months additional time so allowed by said order of this court for such sale of real estate is about to expire, and that said Executor Harry L. Frick has failed and neglected to prosecute his said petition diligently as he was so ordered to do as aforesaid, and that said order is still in full force and effect and has not been vacated, set aside, changed or modified."

The petitioner, Ethel M. Furgie, further alleged that there should be a further extension of time for the sale of real estate to pay debts and that the Probate Court should enforce the observance of its order of August 29, 1957, that said executor prosecute with diligence the matter of the sale of real estate to pay debts. On February 11, 1958, the petition of Ethel M. Furgie was granted and the court entered an order for a further extension of six months for the sale of real estate. Thereafter, nothing was done until August 7, 1958, when the court entered a third order extending time to sell real estate an additional six months from said date.

On December 3, 1958, defendant-appellant, William T. Hull, Jr., filed a motion to dismiss the petition to sell real estate to pay debts on the grounds that he had a partition suit pending in the Circuit Court of Rock Island County, Illinois, relating to the same

real estate and that the Probate Court lacked jurisdiction to enter an order for the sale of real estate for the reason that no good cause was shown for the extension of time for the sale of real estate beyond the seven year limitation provided by statute. The appellant's motion to dismiss the petition was denied. Appellant then filed an answer to the petition and asserted special defenses that the partition suit was pending; that more than seven years had passed since decedent's death and that no good cause was shown for an extension of time for the sale of real estate beyond the seven year limitation period fixed by statute; and that the lien of creditors of the estate had been lost.

On February 6, 1959, the Probate Court entered a decree ordering the sale of decedent's real estate to pay debts on March 28, 1959. William T. Hull, Jr. took an appeal directly to the Illinois Supreme Court from this decree. The Supreme Court transferred the cause to this court.

The principal question presented, which seems to be one of first impression, is whether or not there was good cause shown for the extension of time for the sale of real estate beyond the seven year limitation period within the meaning and intent of Section 379, Chapter 3, Illinois Revised Statutes, 1957 Edition. This statutory provision is as follows:

"When there is insufficient personal estate to pay expenses of administration, claims against the estate, or legacies expressly or impliedly charged by the decedent's will upon his real estate, the executor or administrator by leave of the Probate Court and upon such terms as the court directs, may sell or mortgage for those purposes real estate or interest therein to which the decedent had claim or title; provided, after the expiration of seven (7) years from the date of

death of a decedent, or after the expiration of such additional time as may be allowed by the Probate Court for good cause shown upon petition filed by any interested party within said seven (7) year period or any extension thereof, no real estate, or interest therein, to which the decedent had claim or title, shall be sold or mortgaged for the purpose of paying expenses of administration or claims against the estate."

Prior to the enactment in 1945 of the foregoing statute fixing the time within which real estate must be sold to pay debts, the question within what time the petition to sell real estate should be filed had often been considered, and a period had been fixed which was adopted in analogy to statutes of limitation relating to liens of judgments. In the absence of a legislative rule, it was. uniformly held that the application to sell real estate must be made within seven years, unless the delay was satisfactorily explained. If the circumstances showed good reason for a delay, a longer time would not bar a proceeding. White v. Horn, 224 Ill. 238, 79 N. E. 629. It was well settled law in this state prior to the enactment of the foregoing statutory limitation period, that a delay of seven years after testator's death if not satisfactorily explained, was such laches as would bar any relief sought in a petition for the sale of real estate to pay debts, In re Neff's Estate, 389 Ill. 625, 60 N.E.2d 204.

In In re Levy's Estate, 335 Ill. App. 367, 82 N.E.2d 209, the court fully traces the history and thoroughly discusses the common law seven year period of laches in regard to the selling of real estate to pay debts and therein held that the evidence failed to establish a reasonable excuse for the administrator's delay of more than seven years after decedent's death before the filing of the petition to sell real estate for debts,

and hence, the petition was barred by laches. Prior to the amendment of 1945 to section 379 of the Probate Act if a period of more than seven years elapsed between the death of the testator and the time that the petition to sell real estate to pay debts was filed, the creditor lost his lien upon the real estate, unless the delay was satisfactorily explained. It then became a question of fact whether the delay was satisfactorily explained. Peters v. Peters, 342 Ill. App. 270, 96 N.E.2d 369.

Section 379 of Chapter 3 of the Illinois Probate Act, supra, clearly states that after the expiration of seven years from the date of death of a decedent, no real estate shall be sold for the purpose of paying expenses of administration or claims against the estate. The only exception to this definite limitation is that if a petition is filed within the seven year period the Probate Court for good cause shown can grant additional time for the sale or an extension of the additional time.

There are no authorities in this state interpreting what is sufficient to constitute good cause that would justify a sale of real estate to pay debts after the seven year period. In endeavoring to define what constitutes good cause, counsel for appellees have cited the cases of Roszell v. Gniadek, 348 Ill. App. 341, 109 N.E.2d 222, and Hudson v. Leverenz, 9 Ill.App.2d 96, 132 N.E.2d 427. These cases both involved the request for leave to file a jury demand at a time subsequent to that prescribed by court rules, upon good cause shown. In these cases inadvertence and mistake of counsel was held sufficient good cause for the late filing of a jury demand. The court stating that the right of trial by jury should be jealously guarded. These cases are of little assistance as they both concern procedural matters of filing jury demands and the section of the Probate Act now before

us is a matter of substantive law dealing with the jurisdiction of the Probate Court to entertain a petition for an extension of time to sell real estate after the expiration of seven years for good cause shown. What might constitute good cause for the late filing of a jury demand would not necessarily constitute good cause for extending the time for the sale of real estate, beyond the seven year period fixed by statute.

The inquiry under the common law rule of laches imposing the seven year limitation was a determination whether or not a reasonable excuse for the delay for more than seven years had been shown. In deciding what constitutes good cause, it is proper and helpful to consider what the courts previously interpreted as a reasonable excuse for such delay. Baker v. Devlin, 386 Ill. 441, 54 N.E.2d 449. Some decisions construing whether or not there was a reasonable excuse for a sale after seven years are as follows:

The petition to sell real estate in the Levy case, supra, made no excuse for the delay in its filing and it was drafted upon the theory that the seven year period dated from the granting of letters of administration rather than the testator's death. The court stated that it was clear that the delay was due to a mistake of law and the court held that this did not constitute a reasonable excuse for the delay in filing of the petition, so as to prevent the petition from being barred by laches. In re Neff's Estate, supra, held that there was no adequate excuse or satisfactory explanation shown for the delay of nearly thirteen years in instituting proceedings to subject the real estate of the decedent for the payment of debts. In re Bergman's Estate, 314 Ill. App. 154, 41 N.E.2d 115, held that in the absence of a legislative rule fixing a definite period of limitation that it had been uniformly held that the application for sale of real estate must be made within seven years, unless the delay is satis-

factorily explained and that every case must necessarily depend upon its own circumstances. It was further held that the amended petition filed therein to sell real estate did not satisfactorily explain the delay of over seven years and the petition to sell real estate was accordingly correctly dismissed by the trial court and affirmed on appeal. In re Konrath's Estate, 319 Ill. App. 489, 49 N.E.2d 746, held that the fact that the decedent's real estate would have brought a small price if it had been offered for sale prior to the petition being filed to sell the real estate to pay administration expenses, claims and widow's award, did not excuse a fifteen year delay in filing of the petition to sell real estate. In Pierson v. Fishback, 299 Ill. App. 627, 20 N.E.2d 329 (abstract opinion), an application to sell real estate to pay debts which was filed November 16, 1937, after the will had been admitted to probate and letters issued January 4, 1928, was held improperly granted notwithstanding the fact that the sale was delayed in part because land values were depressed and the administrator had applied rents from real estate to the payment of debts. It was decided in Graham v. Brock, 212 Ill. 579, 72 N. E. 825, that a delay for nineteen years after the death of an intestate to file a petition for the sale of land for the payment of debts was not excused by merely showing that the land was practically worthless for many years and had recently increased in value. There was a delay of nearly ten years in the case of Furlong v. Riley, 103 Ill. 628, and the reason advanced for the delay was that the records of the court and the files relating to the estate were destroyed by fire but this was held by the court not a sufficient excuse, since the petitioner might at any time have had the lost papers and records restored, and then proceed to sell the real estate. It was ruled in White v. Horn, supra, that a delay of twenty years after the death

of the decedent was not excused for the alleged reason that the land was incumbered by dower rights, and was swamp land in a drainage district and of little value and that the land had recently became valuable.

In Moore v. Ellsworth, 51 Ill. 308, there was a delay of eight years, but it was satisfactorily explained by showing that the settlement of the estate had been necessarily delayed by litigation, which ended less than a year before the petition was filed. In Peters v. Peters, supra, where there had been an interval of more than seven years between the granting of letters testamentary and any action by the executor to sell real estate to pay debts, a showing of constant litigation over the will and a will contest and attempts to settle the controversy were held sufficient reasons to explain the delay.

A review of the foregoing cases and other cases dealing with this question disclose that the reviewing courts generally held under the rule of laches which was applied prior to the adoption of the present seven year limitation statute, that the sufficiency of the excuse or cause for delay was made to depend on the circumstances in each case.

The Illinois Probate Act provides that it shall be liberally construed and the rule that statutes in derogation of the common law shall be strictly construed does not apply. (Chap. 3, Par. 159, Sec. 9, Ill. Rev. Stats., 1957 Edition.) In re Willich's Estate, 338 Ill. App. 289, 87 N.E.2d 327, the court held that section 335 of the Probate Act referring to "personal property" included money. In commenting on section 9 of the Probate Act, the court stated at page 293 of 338 Ill. App. and page 329 of 87 N.E.2d: "Thus, there is an expressed intention of the legislature that the Act should be liberally construed, and we cannot agree with the narrow construction that respondent places on it." In re Crapa's Estate, 344 Ill. App. 503, 101

N.E.2d 611, held that the term "maternal ancestor" as used in section 163 of the Probate Act should not be given a restricted meaning, the court further stated that especially should this be so, in light of the language of section 9, par. 159, of the Probate Act stating that the Act should be liberally construed to the end that controversies and rights of the parties may be speedily and finally determined.

The power vested in the Probate Court under the statute to extend the time for the sale of real estate to pay debts beyond the time provided in the statute is limited to those instances in which good cause is made to appear to the county judge. This is not an unbridled power by any means. The exercise of such power is a judicial act and involves the exercise of judicial discretion. Vesting in the county judge the power to extend this time limitation for good cause is a wise and salutary provision obviously designed to prevent possible miscarriages of justice. If exercised within the limits prescribed by the statute, it can be an instrument of much good.

In the case now before us, we cannot say that the Probate Court abused its discretion in extending the time for the sale of real estate to pay debts past the seven year limitation. The petition for the extension of time was filed within seven years as provided by section 379 of the Act, supra. As a reason for an extension of time, the petition which was filed by the creditor alleged that the executor "should long ago have sold the real estate" and that the "executor had been derelict in his duty" in not selling the real estate. These allegations were apparently proven to the satisfaction of the Probate Court and found to be good cause for the granting of the extension. We conclude that under the circumstances such finding was justified.

Appellant next urges that the partition suit pending concerning the same real estate constituted a bar to the petition for sale of real estate to pay debts. With this contention, we cannot agree. In the case now before us, the appellant did not file his partition suit until September 11, 1958. William E. Furgie had filed his petition asking for an extension of time within which to sell real estate on August 27, 1957. Under this state of the record, the trial court was correct in deciding that the partition suit was not a bar to the petition for sale of real estate to pay debts. Wachter v. Doerr, 210 Ill. 242, 71 N. E. 401. A partition suit is not a bar to a sale of real estate to pay debts. 5 James Illinois Probate Law and Practice, section 227.2. The case of Wachter v. Doerr, supra, involved a partition suit commenced some eight months after the issuance of letters of administration. The trial court had decreed partition which was reversed by the Supreme Court for the reason that the decree of partition should not be entered before it can be ascertained whether or not it would be necessary to sell the land involved in an estate in order to satisfy debts. The court therein stated, at page 244 of 210 Ill. and at page 402 of 71 N. E.:

> "At the time the suit was commenced the period allowed by the statute for the presentation of claims against the estate of John Doerr had not expired, and there was no proof whatever as to the debts or liabilities of the estate. For aught that appears, the administrator might be compelled to resort to a sale of the real estate for the payment of debts. The heirs held the premises as tenants in common, charged with debts of the estate, if any should be established in the probate court within the statutory period; and, if the premises should be partitioned, the portion allotted to

66

one heir might afterward be sold by the administrator to pay debts. The creditor would not be barred by the decree in the partition suit. Sutton v. Read, 176 Ill. 69, 51 N. E. 801. If the suit should result in a sale of the premises, the purchaser would take title subject to the claims of the creditors. McManus v. Keith, 49 Ill. 388; Bassett v. Lockard, 60 Ill. 164. By the decree the court found a clear title in the parties to the suit, and the proof did not justify the finding. In some states a proceeding for partition before an estate has been settled or the time allowed for that purpose has expired has been held to be premature, and in others a suit for partition before that time is prohibited by statute. 21 Am. & Eng. Ency. of Law (2d Ed.) p. 1174. We have not held that the proceeding cannot be instituted, but have condemned the practice of taking decrees before it can be known whether or not it will be necessary to sell the land to pay debts. Sutton v. Read, supra."

For the reasons herein stated, the decree of the Probate Court of Rock Island County ordering the sale of decedent's real estate to pay debts is affirmed.

Decree affirmed.

SOLFISBURG, P. J. and CROW, J., concur.